IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>} |
| v. | } COMPLAINT<br>} |
| FLYING STAR TRANSPORT, | }<br>} **JURY TRIAL DEMANDED**<br>} |
| Defendant. | }<br>} |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robert Kallgren ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission") alleges that Flying Star Transport ("Defendant") discriminated against Robert Kallgren in violation of the Americans with Disabilities Act, as amended, by failing to hire him because of his disability, arm impairment. Further, despite Robert Kallgren's known disability, Flying Star Transport failed or refused to engage Mr. Kallgren in an interactive process to determine if he needed a reasonable accommodation to perform essential functions of the job.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Amarillo Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Flying Star Transport has continuously been doing business in the State of Texas and the City of Amarillo, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Robert Kallgren filed a charge with the Commission alleging violations of the ADA by Defendant.

8.      On July 15, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      On April 18, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     At all relevant times Robert Kallgren has been a qualified individual with a disability, arm impairment, and is covered by Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Charging Party's amputated arm is a disability, and his inability to use both hands substantially limits his ability to perform the major life activity of lifting.

12.     Since at least June 2014, Defendant has engaged in unlawful employment practices at its Amarillo, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, Defendant discriminated against Robert Kallgren by failing to hire him because of his disability, arm impairment. Further, Defendant discriminated against Robert Kallgren by failing or refusing to engage him in an interactive process to

determine if he needed a reasonable accommodation to perform essential functions of the job because of his known, obvious disability.

13. In June 2014, Robert Kallgren applied for a job of truck driver with the Defendant. Mr. Kallgren had more than 20 years of experience of commercial driving. During a test ride, Mr. Kallgren performed all of the duties he was assigned during the ride along, including connecting and disconnecting hoses and couplings. Despite his performance on the test driver, Defendant told Mr. Kallgren he could not be hired to work as a truck driver because of his amputated arm.

14. Further, despite his known disability, hiring managers for the Defendant did not engage Mr. Kallgren in an interactive process to determine if he needed a reasonable accommodation to perform essential functions of the job. Instead, the hiring officials made an unfounded decision based on bias or stereotype that Mr. Kallgren would not be able to perform essential functions of the job.

15. The unlawful employment practices complained of in paragraphs 11-14 above were intentional.

16. The unlawful employment practices complained of in paragraphs 11-14 above were done with malice or with reckless indifference to the federally protected rights of Robert Kallgren.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's disability.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order the Defendant to make whole Robert Kallgren, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D.     Order the Defendant to make Robert Kallgren whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above, including but not limited to job search expenses.

E.     Order the Defendant to make Robert Kallgren whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.     Order the Defendant to pay Robert Kallgren punitive damages for its malicious and reckless conduct described in paragraphs 11-14 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/  Joel P. Clark
JOEL P. CLARK
Sr.  Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2743
(FAX) (214) 253-2749