IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 2:17-cv-00070 |
| FLYING STAR TRANSPORT Defendant. | § § § § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission ("EEOC") and Flying Star Transport ("Defendant"), in the United States District Court for the Northern District of Texas, Amarillo Division, with regard to the EEOC's Complaint filed in Civil Action 2:17-cv-00070. The Complaint was based upon a Charge of Discrimination filed by Robert Kallgren against the Defendant.

The above-referenced Complaint alleges that Defendant, Flying Star Transport, discriminated against Robert Kallgren in violation of the Americans with Disabilities Act, as amended, by failing or refusing to hire him because of his disability, arm impairment. The Complaint further alleges that, despite Robert Kallgren's known disability, Flying Star Transport failed or refused to engage Mr. Kallgren in an interactive process to determine if he needed a reasonable accommodation to perform essential functions of the job.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree"). It is understood and agreed that this Consent Decree is in compromise of disputed claims. Defendant has denied and

CONSENT DECREE

1

continues to deny all allegations made by the EEOC in connection with Mr. Kallgren's Charge. Any actions taken by Defendant shall not be deemed to be, or construed as, an admission of Defendant's liability or an admission as to the truthfulness of Mr. Kallgren's Charge and allegations.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in EEOC Charge No. 450-2014-02863. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced Charges and Complaint. The EEOC does not waive processing or litigating Charges other than the above-referenced Charges.

2. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, placement, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

3. The Defendant shall post the Notice appended hereto as Attachment "A" on the employee bulletin board at Defendant's Amarillo, Texas and Lubbock, Texas facilities, within thirty (30) days after the entry of this Consent Decree. Defendant will report to the EEOC that it

has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the term of this Consent Decree.

4. For each year that this Consent Decree is in effect, Defendant agrees to conduct an annual training session for all management and supervisory employees, including officers, managers, and assistant managers, advising them of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on the ADA, as amended by the ADAAA. The training will inform the employees of the complaint procedures for individuals who believe that they are being discriminated against by Defendant. This annual training will also advise managers and supervisors of the consequences imposed upon Defendant for violating the ADA, as amended by the ADAAA. The training will also include a specific discussion or instruction relating to definitions of disability under the ADA, as amended by the ADAAA, and the interactive, reasonable accommodation process. The training will also include a specific discussion or instruction relating to hiring individuals with disabilities. For Defendant's management and supervisory employees, including officers, managers, and assistant managers, and supervisors, the training shall be at least two (2) hours in duration. For all other of Defendant's employees, the training shall be at least one (1) hour in duration. Within twenty (20) days following the end of the month of training, Defendant shall submit to the EEOC confirmation that the training was provided, a copy of each certificate of completion, and a copy of all materials used in conjunction with the training (if any) and/or access to the online training program.

5. Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any owner, supervisor or manager who is found by reasonable evidence to have engaged in discrimination on the basis of disability, or permitted any such

conduct to occur in his or her work area or among employees under his or her supervision. Defendant shall communicate this policy to all of their supervisors and managers. The parties stipulate that this paragraph does not require Defendant to discipline any employee, manager, or supervisor with regards to Robert Kallgren.

6. Defendant shall advise all owners, managers, and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of disability, and to report any incidents and/or complaints of discrimination, on the basis of disability, of which they become aware to the persons charged with handling such complaints, provided that such persons are not the harassers.

7. Defendant shall maintain a written log of all complaints of discrimination. This log will include the date of the complaint, the substance of the complaint, the employee making the complaint, the person about whom the complaint is made and the result of all investigations conducted into claims of discrimination. Defendant will submit copies of this log to the Equal Employment Opportunity Commission on an annual basis during the term of this Consent Decree. The log will be sent annually to Joel Clark, Senior Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

8. Defendant shall remove from any files relating to Robert Kallgren and all documents, entries and references relating to the matters underlying the issues leading to the underlying Charges of Discrimination and this lawsuit.

9. Defendant agrees to pay to Robert Kallgren the full and final sum of $65,000.00 dollars for backpay, compensatory damages and all other damages. Standard deductions shall be made from the back pay amount of $37,088.78, and a W-2 shall issue. No deductions shall be made from the remainder, and a 1099 shall issue for the remainder. The payment(s) referenced

above, shall be made within 20 days after the effective date of this Consent Decree by check made payable to Robert Kallgren. Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this paragraph.

10. All reports to the EEOC required by this Decree shall be sent to Joel Clark, Senior Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

11. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

12. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order. EEOC will notify Defendant in writing of any violation or alleged violation of this Consent Decree. The parties further agree that they will confer about such violation or alleged violation in an effort to resolve the matter without court action for a period of thirty (30) days after Defendant's receipt of the written notice. EEOC will not file a legal

proceeding including, but not limited to, a motion for contempt of this consent decree, unless the EEOC has determined, after conferring, that the Defendant has failed to adequately address the concern or alleged violation, and is thus in noncompliance with the terms of this consent decree.

13. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

14. The term of this Decree shall be for two (2) years.

SO ORDERED, ADJUDGED AND DECREED this 25th day of April, 2017.

s/ Mary Lou Robinson
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

**FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Robert Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782


/s/ Suzanne Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749


**FOR THE DEFENDANT FLYING STAR TRANSPORT**


/s/ Stacy Bruce
STACY H. BRUCE
Cobb Martinez Woodward, PLLC
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201

CONSENT DECREE

**ATTACHMENT A**                                                                                     Page A-1

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of two (2) years on the Flying Star Transport employee bulletin boards at Flying Star Transport's Amarillo, Texas and Lubbock, Texas facilities. It must not be altered, defaced, or covered by any other material.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of the Americans With Disabilities Act of 1990, as amended, and the Equal Employment Opportunity Commission's guidelines and to reiterate Flying Star Transport's policy on disability discrimination. Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Flying Star Transport that discrimination is unacceptable and will not be condoned.

**SCOPE:** This policy extends to all employees of Flying Star Transport both management and non-management.

**POLICY:** An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans with Disabilities Act, an <u>individual with a disability</u> is a person who (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of impairment or (c) is regarded as having such impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

*   application                              *   promotion
*   testing                                  *   medical examinations
*   hiring                                   *   layoff/recall
*   assignments                              *   termination
*   evaluation                               *   compensation
*   disciplinary actions                     *   leave

Flying Star Transport hereby states that the harassment of employees with disabilities is strictly prohibited. Harassment is a form of misconduct that undermines the integrity of the employment relationship. No disabled employee should be subjected to unsolicited and unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of their disability.

Further, under the ADA, an employer must make a reasonable accommodation that would allow the applicant or employee to perform the essential functions of his or her position unless it can show that the accommodation would cause an undue hardship on the operation of its business, or pose a direct threat to the health or safety of other individuals in the workplace that cannot be eliminated by reasonable accommodation.

CONSENT DECREE

Some examples of reasonable accommodation include:

- making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- job restructuring;
- modifying work schedules;
- reassignment to a vacant position;
- acquiring or modifying equipment or devices; or
- providing qualified readers or sign language interpreters

If an employee needs a reasonable accommodation in order to perform the essential functions of his/her job, the employee or his representative should advise Flying Star that he has a disability and that an accommodation is needed. Disabled employees or applicants should engage in the interactive process to identify a reasonable accommodation that may not always be the disabled employee's or applicant's preferred accommodation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Flying Star Transport has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Flying Star Transport or to the Human Resources Department. The Human Resources Department may be contacted at _____ or by telephone at _____. Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify Flying Star Transport's Human Resources Department.

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Flying Star Transport's Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Flying Star Transport employees who engage in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under The Americans With Disabilities Act of 1990, as amended. Flying Star Transport will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Flying Star Transport will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO YEARS.**

Signed this _____ day of _____, _____.

_____              _____

Date                              On Behalf of:

Flying Star Transport

CONSENT DECREE